UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANTOS SANCHEZ,

        Plaintiff,

        v.                                    Case No. 24-cv-0306-bhl

CITY OF MILWAUKEE WISCONSIN, MOISES GOMEZ,
GEORGE IRIZARRY, STEVEN SPINGOLA,
KENNETH GRAMS and JOHN VITRANO,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

        Plaintiff Santos Sanchez is pursuing claims under 42 U.S.C. §1983 related to the alleged violations of his constitutional rights by the City of Milwaukee and five members of the Milwaukee Police Department (MPD) in connection with his arrest, prosecution, and incarceration for the murder of Carlos Santiago. (ECF No. 1.) On June 6, 2025, Sanchez filed a Civil Local Rule 7(h) expedited motion asking the Court to compel the City, through MPD, to facilitate his request for a copy of the fingerprints of an alternate suspect, Fausto Candelario, from the FBI's Criminal Justice Information Services (CJIS). (ECF No. 35.) Sanchez indicates he wants to compare the alternate suspects fingerprints to a latent fingerprint found on the weapon used to kill Santiago. He also wants MPD to provide his expert witness with access to MPD's Automated Fingerprint Identification System (AFIS) terminal to run a search on the latent fingerprint. (*Id.* at 3.)

        In response, Defendants contend that the motion should be denied because the fingerprints are not relevant to Sanchez's claims. (ECF No. 41 at 2.) They also confirm that if the Court orders it, the City can request and obtain certified copies of Candelario's fingerprints from CJIS and provide Sanchez's expert with access to the AFIS terminal. (*Id.* at 3.)

        The Court concludes that the information requested is potentially relevant and production will not unduly burden the City. Accordingly, the Court will grant Sanchez's request and compel

the City to request certified copies of Candelario's fingerprints from CJIS[1] and to provide Sanchez's fingerprint expert with access to MPD's AFIS terminal. The scope of relevancy under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). Defendants' relevancy challenge is rejected. Sanchez alleges that he was wrongfully convicted. If the fingerprint on the murder weapon matches someone other than Sanchez, that evidence is at least potentially relevant to his claims for wrongful incarceration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Santos Sanchez's Motion to Compel, ECF No. 35, is **GRANTED**. Defendant City of Milwaukee, through the Milwaukee Police Department, is ordered to request certified copies of Fausto Candelario's fingerprints from the FBI's Criminal Justice Information Services. The City is also ordered to provide Sanchez's fingerprint expert with access to its AFIS terminal for the purpose of running the latent fingerprint found on the murder weapon through the system at a date and time to be agreed upon by the parties.

Dated at Milwaukee, Wisconsin on July 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] To the extent Sanchez asks the Court to directly compel the FBI to produce Candelario's fingerprints, it will decline to do so.